RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/2/10
     68

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ETHAN C. LAHAYE TRUST | CIVIL ACTION NO.: 10-811 |
| VERSUS | HONORABLE RICHARD T. HAIK, SR. |
| PROVINDENT LIFE & ACCIDENT INSURANCE CO., ET AL | MAGISTRATE C. MICHAEL HILL |

CONSOLIDATED WITH

| | |
|---|---|
| PROVIDNET LIFE & ACCIDENT INSURANCE CO., ET AL | CIVIL ACTION NO.: 10-1086 |
| VERSUS | HONORABLE RICHARD T. HAIK, SR. |
| CHARLES P. LAHAYE | MAGISTRATE C. MICHAEL HILL |

## RULING

Before the Court is Consolidated Defendant, Charles P. Lahaye's, Motion to Strike [Doc. 14]. Upon thorough review of the record and being fully advised of the premises, the Court rules as follows.

## BACKGROUND

Charles Lahaye was insured under various Business Overhead Expense insurance policies issued and/or reinsured by Consolidated Plaintiffs. Lahaye was arrested and pled guilty to sexual crimes involving minor children. Consolidated Plaintiffs filed for Declaratory Judgment on the issue of whether his alleged sickness is covered by the disability and business overhead policies.

Charles Lahaye has filed a Motion to Strike portions of the Consolidated Complaint alleging they are "redundant, immaterial and inflammatory" and have "no probative value".

## **LAW AND REASONING**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Federal Rule of Civil Procedure 12(f) provides for a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Immaterial matter, for purposes of motion to strike, is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, while impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Cairns v. Franklin Mint Co.*, C.D.Cal.1998, 24 F.Supp.2d 1013, 49 U.S.P.Q.2d 1396.

The following portions of the Consolidated Complaint are STRICKEN in accordance with Federal Rule 12(f):

1. Paragraph 14
2. Paragraph 15
3. Paragraph 16
4. Paragraph 17
5. Paragraph 18
6. Paragraph 19
7. Paragraph 22
8. Paragraph 23
9. Paragraph 24
10. Paragraph 25

11. Paragraph 26[a] (The Consolidated Complaint contains two paragraphs titled "26"; therefore, the Court is referring to the first paragraph 26 as 26[a] and the second as 26[b].)

12. The last sentence of paragraph 26[b].

13. Everything in paragraph 27 except for "On October 8, 2002, after Lahaye entered a guilty plea".

14. Paragraph 29

15. Paragraph 30

16. Paragraph 31

17. The last sentence of 50.

18. Paragraph 51

19. The last sentence of 53.

20. Paragraph 54

21. Paragraph 56

22. Paragraph 57

23. Paragraph 59

24. Paragraph 60

25. Paragraph 61

26. Paragraph 62

27. Everything in paragraph 63, except for "On February 5, 2004, Paul Revere wrote to Mr. Lahaye advising that, based on the information that had been received to date, it was unable to find support for a psychiatric impairment that would preclude vocational functioning".

28. Paragraph 65

29. Paragraph 66

## CONCLUSION

IT IS ORDERED that Consolidated Defendant, Charles P. Lahaye's Motion to Strike [Doc. 14] is hereby GRANTED in part and DENIED in part.

THUS DONE AND SIGNED this 1ST day, November, 2010, Lafayette, Louisiana.

**HONORABLE RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**